IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GLENN F. MILES,<br><br>    Plaintiff,<br><br>    v.<br><br>SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC., an Idaho corporation, and DAVID A. KENT, M.D., an individual,<br><br>    Defendants. | Case No.  CV 09-50-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is a Motion to Quash Subpoena (Docket No. 34) by the Ada County Prosecuting Attorney's Office. The Court has determined that oral argument will not significantly assist the decisional process, therefore the matter will be considered without a hearing. The motion is fully briefed and at issue. For the following reasons, the Court will grant in part, and deem moot in part, the motion.

## BACKGROUND

Defendant St. Alphonsus Regional Medical Center faxed a subpoena in this matter to the Ada County Prosecutor on March 4, 2010. The subpoena requests records related to Plaintiff Glenn Miles' commitment at St. Alphonsus, sometime

**Memorandum Decision & Order - 1**

in January and February of 2007. The Ada County Prosecutor filed a Motion to Quash (Docket No. 34), in which it identified 39 documents that are responsive to St. Alphonsus's subpoena. On April 14, 2010, St. Alphonsus provided Plaintiff's written consent for the Ada County Prosecutor to release its records to St. Alphonsus. In light of Plaintiff's release, records listed as items 6 and 8-39 in the Ada County Prosecutor's Motion were then provided to St. Alphonsus. The Ada County Prosecutor still asks that the Court quash St. Alphonsus's subpoena with respect to items 1, 3, 4, 5, and 7.[1] *See Reply* (Docket No. 39). St. Alphonsus opposes the request. *See Response* (Docket No. 36).

## ANALYSIS

With respect to items 6 and 8-39, which were provided to St. Alphonsus, the Ada County Prosecutor's motion is moot. St. Alphonsus does not dispute that the remaining records – items 1, 3, 4, 5, and 7 – are attorney work product. *Response* (Docket No. 36) at 7. Rather, St. Alphonsus argues that it has met the requirements for disclosure of attorney work product.

Documents created in anticipation of litigation or in preparation for trial are considered attorney work product and must meet certain requirements in order to be discovered. F.R.C.P. 26(b)(3)(A); *see Row v. Beauclair*, 2005 WL 3132471 (D.

---

[1] Item 2 is the subpoena sent by St. Alphonsus to the Ada County Prosecutor.

**Memorandum Decision & Order - 2**

Idaho 2005). First, the documents must be otherwise discoverable under Rule 26(b)(1), which requires that they not be subject to privilege, and be "reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. 26(b)(1), 26(b)(3)(A)(I). In addition, the party seeking discovery must demonstrate "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." F.R.C.P. 26(b)(3)(A)(ii). Where a court orders discovery of such materials, it must protect against disclosure of an attorney's mental impressions. F.R.C.P. 26(b)(3)(B). The Ninth Circuit has determined that the rules allow discovery of mental impressions, but only on showing that the mental impressions are at issue and there is a compelling need for the material. *Holmgren v. State Farm Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992).

At the outset, it is important to identify the nature of the Plaintiff's claims, as well as St. Alphonsus's primary defense. St. Alphonsus has described the Plaintiff's claims as being "wholly concerned with whether his continued detention following a court hearing on February 12, 2007 violated his constitutional rights." *Response* (Docket No. 36) at 8. According to St. Alphonsus, its defenses include "justifiable reliance on [a] 24-hour physician's hold" issued by Dr. Kent.[2] *Id.*

---

[2] What St. Alphonsus refers to as a "24-hour hold" is actually a pre-printed legal document bearing the caption "Application for Commitment" in which the words "24 hour hold"

**Memorandum Decision & Order - 3**

Specifically, St. Alphonsus contends that it received and acted upon the basis of Dr. Kent's 24-hour hold and faxed the hold to the Ada County Prosecutor on February 12, 2007. *Id.* The hold was apparently received by the Prosecutor's Office, since (1) the fax contains a confirmation of receipt and (2) file contents identified in the Prosecutor's memorandum in support of their motion to quash included the hold. *Id.* However, St. Alphonsus has reviewed records from the Ada County Court Clerk's Office related to the Plaintiff's commitment proceedings, and determined that they do not include Dr. Kent's 24-hour hold. *Zahn Affidavit,* ¶ 8, at 3-4.

St. Alphonsus argues that in order to assert its defense, "it is crucial to know what the Prosecutor did with the 24-hour hold after receiving it from [St. Alphonsus]." *Response* (Docket No. 36) at 8. St. Alphonsus then contends that what the Prosecutor did with the 24-hour hold can only be determined by reviewing items 1, 3, 4, 5 and 7. *Response* (Docket No. 36) at 8. However, what St. Alphonsus does not explain is how their defense of justifiable reliance on Dr. Kent's 24-hour hold is impacted by what the Prosecutor's Office did – or did not

---

are inserted by a handwritten notation into the caption. The blanks in the Application have been filled out in the same handwriting – presumably that of Dr. Kent. The Application also contains a typewritten prayer for relief requesting that the patient be committed as an involuntary patient, "for an indeterminate period of time, not to exceed one (1) year." On the other hand, the "Remarks" section of the fax coversheet includes the phrase "24 Physicians Hold."

**Memorandum Decision & Order - 4**

do – in response to that hold   Simply put, St. Alphonsus has not explained how *its* reliance is affected by the Prosecutor's subsequent action or inaction.[3]

The Court finds that St. Alphonsus has failed to show a substantial or compelling need for records concerning the Ada County Prosecutor's actions following receipt of Dr. Kent's application for Plaintiff's commitment.  Further, the Court has reviewed the documents in question, provided under seal, and finds no compelling reason to provide them to St. Alphonsus.  The motion to quash the subpoena with respect to items 1, 3, 4, 5 and 7 will therefore be granted.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Ada County Prosecutor's Motion (Docket No. 34) to Quash Subpoena is GRANTED with respect to records identified in the motion as items 1, 3, 4, 5 and 7.

IT IS FURTHER HEREBY ORDERED that the Motion (Docket No. 34) is deemed MOOT with respect to records identified in the motion as items 6, and 8-39.

---

[3] Were this a dispute over whether the documents are discoverable under Rule 26(b)(1), the Court would have little difficulty in finding that the requested documents are "reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. 26(b)(1). However, the dispute here focuses on documents which are subject to the additional protections of the work product doctrine, and St. Alphonsus must therefore also show that they have a substantial and compelling need for the requested documents.   They have clearly failed to satisfy this requirement, since they have not shown how the requested documents are directly relevant to their defense.

**Memorandum Decision & Order - 5**



DATED:  **May 20, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 6**