IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GLENN F. MILES,<br><br>    Plaintiff,<br><br>v.<br><br>SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC., an Idaho corporation, and DAVID A. KENT, M.D., an individual,<br><br>    Defendants. | Case No. 1:09-cv-50-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court are Plaintiff's Motion to Compel seeking production of documents and deposition of a 30(b)(6) designee from the Ada County Prosecutor's Office (Dkt. 44), and the Ada County's Motion to Quash Subpoena to Ada County Prosecuting Attorney's Office or in the Alternative For a Protective Order (Dkt. 47). The Court previously determined that it will consider the matters on briefing submitted to the Court, without oral argument. The motion is fully briefed and at issue. For the following reasons, the Court will deny Plaintiff's motion in part, and grant it in part, and will deny Ada County's motion in part, and grant it in part. The Court will also extend case management deadlines for discovery and dispositive motions, but will not consider further requests for continuance absent extraordinary circumstances.

## BACKGROUND

On February 7, 2007, Plaintiff Glenn Miles was taken into custody by the Idaho

Department of Health and Welfare, and held at St. Alphonsus hospital. Miles' detention was based on an application for involuntary commitment filed February 3, 2007, and supported by the certificate of designated examiner Lalainya Bacon finding Miles to be "gravely disabled" due to mental illness. On February 8, 2007, the Court ordered a second examination under Idaho Code § 66-329(d). Jerry Doke performed this second examination on February 11, 2007, and concluded that Miles "does not meet criteria" for involuntary commitment under Idaho Code § 66-317. At a hearing on February 12, 2007, Ada County Magistrate Judge Vehlow quashed the order for protective custody and dismissed the application for Miles' involuntary commitment. *Am. Compl.* (Dkt. 29), ¶¶ 7-15.

According to the Amended Complaint, Miles continued to be detained at St. Alphonsus – under a second "24 hour detention" application, at the direction of Dr. David Kent – even after Judge Vehlow dismissed the first application. Through counsel, Miles filed a petition for writ of habeas corpus on February 13, 2007. At the hearing on Miles' petition, conducted February 15, 2007, Ada County Magistrate Judge Manweiler granted the writ and released Miles. *Am. Compl.* (Dkt. 29), ¶¶ 16-24.

Miles filed this lawsuit against St. Alphonsus and Dr. Kent on February 6, 2009, alleging due process and civil rights violations under 42 U.S.C. § 1983, and state tort actions, including emotional distress and mental anguish. On March 4, 2010, St. Alphonsus faxed a subpoena to the Ada County Prosecutor for documents relating to Miles' involuntary commitment at St. Alphonsus in February of 2007. The Ada County

Prosecutor filed a Motion to Quash (Dkt. 34; *see also* Dkt. 39), which the Court granted in relevant part[1] on May 20, 2010. *Order* (Dkt. 40). On November 5, 2010, after conducting considerable written and deposition discovery, Plaintiff filed this Motion to Compel. Ada County again moves to quash or for an order of protection.

## ANALYSIS

The standard concerning the production of an attorney's work product is fairly straight-forward. Documents created in anticipation of litigation are considered attorney work product and are only discoverable if certain requirements are established. F.R.C.P. 26(b)(3)(A); *see Row v. Beauclair*, 2005 WL 3132471 (D. Idaho 2005). The documents must not be subject to privilege, and must be "reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. 26(b)(1), 26(b)(3)(A)(I). In addition, the party seeking discovery must demonstrate "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." F.R.C.P. 26(b)(3)(A)(ii). Where a court orders discovery of such materials, it must protect against disclosure of an attorney's mental impressions, which will only be disclosed where at issue, and where there is a compelling need for such disclosure. F.R.C.P. 26(b)(3)(B); *Holmgren v. State Farm Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992).

---

[1] Ada County identified 39 items that were the subject of its motion to quash. Item 2 was the subpoena sent by St. Alphonsus to Ada County. After the motion was filed, Ada County provided the parties with items 6 and 8-39, pursuant to a written consent for release of records signed by Plaintiff. As to items 6 and 8-39, the Court deemed the motion moot; the Court granted the motion with respect to the remaining items: 1, 3, 4, 5, and 7. *Order* (Dkt. 40).

Miles seeks to compel the documents filed by Ada County under seal (Dkt. 39-2), which the Court previously determined to be attorney work product. *Order* (Dkt. 40). In his motion to compel, he acknowledges that his arguments are "virtually the same" as those raised by St. Alphonsus against Ada County's previous Motion to Quash (Dkt. 34). However, Miles asserts that compelling reasons for Ada County to produce work product documents and deposition testimony have surfaced through the depositions of designated examiners Lalainya Bacon and Chad Sombke.

According to Miles, evidence obtained since the Court ruled on Ada County's first motion to quash raises questions about the mental impressions of the Ada County Prosecutor concerning the County's decision whether or not to pursue Dr. Kent's "24 hour hold" application. Deposition testimonies by Bacon and Sombke reveal that they performed examinations of Miles in support of a second application for commitment. But there is no evidence of a state court order appointing Bacon or Sombke in a second case for Miles' commitment. Miles thus reasons that the parties are entitled to discover what happened, from Ada County's perspective, including the County's mental impressions and opinion work product, after Dr. Kent submitted the "24 hour hold" application.

In its earlier decision, the Court concluded that:

> what St. Alphonsus does not explain is how their defense of justifiable reliance on Dr. Kent's 24-hour hold is impacted by what the Prosecutor's Office did – or did not do – in response to that hold. Simply put, St. Alphonsus has not explained how its reliance is affected by the Prosecutor's subsequent action or inaction

*Order* (Dkt. 40) at 3-4. The Court's observation largely holds true today. And, based

upon that observation, the Court is still persuaded that what happened from Ada County's perspective after Dr. Kent submitted the "24 hour hold" application, including the prosecuting attorney's mental impressions and opinion work product, is not relevant to St. Alphonsus' defense.

What has changed, however, is that St. Alphonsus now extends its justifiable reliance defense to argue that Ada County failed to follow normal procedures after receiving Dr. Kent's "24 hour hold"; as a result, St. Alphonsus argues, it was "misled and induced into believing that [the] continued holding of Glenn Miles was justified, and that [St. Alphonsus was] justified in [the] belief that the appropriate petitions and orders had been filed and obtained." [2] *Pl. Mot. to Compel* (Dkt. 45) at 7. What, if any, standard procedures had been adopted by the Ada County Prosecuting Attorney's office in communicating with the physician or facility from whom it receives an application for commitment would seem relevant to the defense.

The Court therefore finds that Rule 26(b)(1) is satisfied with respect to evidence concerning how the Ada County Prosecutor's Office typically communicates with physicians and facilities from whom it receives applications for commitment. The rule is also satisfied with respect to evidence concerning how the County communicated with Dr. Kent and St. Alphonsus in Mr. Miles' case. Such evidence is reasonably calculated to lead to the discovery of admissible evidence – namely, evidence that may or may not

---

[2] Curiously, this assertion was made by Miles in Plaintiff's memorandum in support of motion (Dkt. 45), but was adopted by joinder of St. Alphonsus (Dkt. 49) at 2.

support St. Alphonsus' justifiable reliance argument. Thus, the parties here are entitled to discovery of this evidence.

However, neither Miles nor St. Alphonsus has demonstrated a compelling need for the Ada County Prosecutor's attorney work product. The Court has reviewed the work product documents provided by the County under seal (Dkt. 39-2). The Court concludes that the documents do not bear upon the issue of communications in which the County engaged with Dr. Kent or St. Alphonsus, regarding applications for Miles' commitment. To the extent they may touch upon relevant issues, the parties in this matter may obtain the relevant evidence through a deposition of a County designee.

Regarding the parties' requests for the County's mental impressions and opinion work product, the Court will deny the motion to compel. Mental impressions and opinion work product evidence go beyond *what* happened or normally happens, and upon which St. Alphonsus might have relied, and concerns the question of *why* it happened. The prosecutor's mental processes and decision-making are not likely to lead to the discovery of admissible evidence.

In its motion to quash, Ada County cites cases providing absolute prosecutorial immunity from civil suit. *See* [Imbler v. Pachtman, 424 U.S. 409, 423 (1976)](#); [Nation v. State Dept. of Corrections, 158 P.3d 953, 964 (2007)](#). As correctly noted by Miles, this case is distinguishable; Ada County is not named as a defendant, but only identified as having potentially admissible evidence. Ada County is not shielded from providing evidence, properly discoverable here, based on prosecutorial immunity. On those

grounds, the County's motion to quash will be denied.[3]

For the foregoing reasons, the Court will deny Miles' motion to compel production of Ada County's sealed records (Dkt. 39-2), and thus grant Ada County's motion to quash the same.  The Court will grant a limited deposition of a 30(b)(6) designee for Ada County, and thus deny Ada County's motion to quash such deposition.  The Court will, however, grant Ada County's request for a protective order; topics at the 30(b)(6) deposition will be limited to (1) how, or to what extent, the Ada County Prosecutor's Office typically communicates with physicians or facilities from which it receives applications for mental commitments, and (2) Ada County's communications with Dr. Kent or St. Alphonsus regarding the application for Miles' commitment.  Counsel for the party taking the deposition will be prohibited from asking the designee how or why the Ada County Prosecutor made decisions with regard to any application received for Miles' commitment.

**ORDER**

IT IS ORDERED THAT:

1. Plaintiff's Motion to Compel (Dkt. 44) is DENIED, and Ada County's Motion to Quash (Dkt. 47) is GRANTED, with respect to sealed records (Dkt. 39-2).

---

[3]Ada County also argues that Miles' subpoena should be quashed under Rule 45(b)(1), because Miles failed to tender payment of witness fees with his subpoena. *Ada Cy Mot.* (Dkt. 47-1) at 5.  Miles responds that this issue will have been cured before entry of the Court's order here. *Pl. Resp.* (Dkt. 51) at 2.  Thus the Court will not address the issue further.

2. Plaintiff's Motion to Compel (Dkt. 44) is GRANTED, and Ada County's Motion to Quash (Dkt. 47) is DENIED, with respect to the subpoena for 30(b)(6) deposition. Regarding this deposition, Ada County's request for protective order (Dkt. 47) is GRANTED; counsel taking the deposition will be prohibited from asking how or why the Ada County Prosecutor makes or made decisions with regard to an application for mental commitment, including one involving Plaintiff here.

3. The deadline for discovery in this case is extended to February 25, 2011, and the deadline for dispositive motions is extended to March 25, 2011. The parties are advised that the Court will not grant any further continuances absent extraordinary circumstances.

DATED: **January 15, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge